**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) | |
| PLAINTIFFS, | ) | No. 26-cv-13862 |
| v. | ) | |
| CHICAGO COMMERCIAL GLAZING INC. a foreign for-profit corporation, | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiffs, the TRUSTEES OF THE GLAZIERS ARCHITECUTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS (the "Funds"), have standing to sue pursuant to 29 U.S.C Section 1132(d)(1) by their attorneys, Paul M. Egan, Grant R. Piechocinski, James R. Anderson, Anita Saliu, and ARNOLD AND KADJAN, LLP complain against Defendant **CHICAGO COMMERCIAL GLAZING INC.**, a foreign for-profit corporation, as follows:

### Jurisdiction and Venue

1. Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

## The Parties

3. The Plaintiffs are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

6. Defendant, **CHICAGO COMMERCIAL GLAZING INC. ("CHICAGO COMMERCIAL"),** a foreign for-profit corporation, is an employer engaged in an industry affecting commerce which entered into collective bargaining agreements ("Labor Agreement") with the Union on or about July 2025 whereby **CHICAGO COMMERCIAL** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations (Exhibit A- Executed Agreement).

7. Since July 2025, **CHICAGO COMMERCIAL** admitted, acknowledged and ratified the Collective Bargaining Agreements by filing periodic report forms with the Funds and by making periodic payments to the Funds.

## The Agreements

8. Pursuant to the provision of the Labor Agreement, **CHICAGO COMMERCIAL** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **CHICAGO COMMERCIAL** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

9. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **CHICAGO COMMERCIAL** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether **CHICAGO COMMERCIAL** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require Defendant to pay liquidated damages, interest, auditors fees, and all attorney's fees and court costs incurred by the Funds in the collection process.

10. Upon information and belief, Plaintiffs are advised that Defendant has breached the provisions of the Labor Agreement and Trust Agreement by failing submit its monthly contribution reports for the work months of July 2026 through September 2026 with payment for all contributions owed on the reports, plus liquidated damages.

11. To determine the extent of Defendant's liability, Plaintiffs require a fringe benefit contribution compliance audit of Defendant's books and records for the period of **July 1, 2025 through the present.**

12. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from Defendant.

13. **CHICAGO COMMERIAL** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court order **CHICAGO COMMERCIAL** to submit all necessary books and records to Plaintiff's auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of **July 1, 2025 through the present**;

B. That judgment be entered in favor of Plaintiffs and against Defendant in the amount shown to be due on the audit;

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS LOCAL UNION NO. 27 FUNDS**

By: s/ Anita Saliu
One of their Ays

**ARNOLD AND KADJAN, LLP**
35 E. Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415